# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT DUPREE, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12CV00433 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE, SUCCESSOR IN INTEREST | § | |
| BY MERGER TO LaSALLE NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| CERTIFICATE HOLDERS OF BEAR | § | |
| STEARNSASSET BACKED SECURITIES I, | § | |
| LLC ASSET BACKED CERTIFICATES, | § | |
| SERIES 2004-HE9, | § | |
|     Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER ABATING PRETRIAL DEADLINES

Now before the Court is Defendant U.S. Bank National Association as Trustee, successor in interest to Bank Of America, National Association as successor by merger to Lasalle National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE9's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 4). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about June 18, 2004, Plaintiff Scott Dupree and his wife executed a Promissory Note and Deed of Trust to secure the payment of the Note regarding real property located at 620 Terrace View Drive, McKinney, Texas ("the Property"). Plaintiff alleges that the original lender of the Deed of Trust was Sebring Capital Lenders, LP. Sometime after the execution of these documents,

Plaintiff contends the loan was securitized into the trust identified as BEAR STEARNS ASSET BACKED SECURITIES I LLC ASSET BACKED CERTIFICATES, SERIES 2004-HE9 (" the Trust").

Plaintiff filed suit in state court on September 6, 2011 in the 219th Judicial District Court in Collin County, Texas, and the matter was removed to this Court on July 13, 2012. Prior to removal, Plaintiff amended his complaint. Plaintiff's first amended state court petition seeks declaratory and injunctive relief as well as an accounting of all transactions regarding the Deed of Trust. *See* Dkt. 3-7.

Defendant filed its motion to dismiss Plaintiff's claims on July 24, 2012. Plaintiff has not filed a response to the motion or otherwise amended his complaint to address the deficiencies raised by the motion.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

### ANALYSIS

Defendant's motion seeks to dismiss Plaintiff's claims with prejudice. Defendant argues that Plaintiff's previous suit attempting to delay foreclosure was dismissed with prejudice by this Court and that Plaintiff's claims herein are therefore barred by *res judicata*. Defendant cites to a report and recommendation and final judgment in a prior suit in this Court, Case No. 4:10cv356. Defendant argues that it was in privity with the defendant in the prior suit, that this Court was a court of competent jurisdiction to enter a judgment on Plaintiff's claims in the prior suit, that the judgment in the first suit was final and considered the merits of the prior action, and that this suit arises from

the same nucleus of operative facts as the prior suit. *See* Dkt. 4.

On September 18, 2012, this Court entered an order indicating that no response had been filed to Defendant's Motion to Dismiss, and that if no response were filed on or before September 25, 2012, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly (*see* Dkt. 7). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed therein, the court will assume that the party has no opposition." E.D. Tex. L.R. CV-7(d). To date, no response has been filed.

The Court has reviewed Defendant's dismissal arguments and finds that they are well-founded and supported by applicable authority. It appears Plaintiff's claims have already been dismissed by another suit and Plaintiff has not filed any response to show how the facts stated in this case would avoid the application of *res judicata* to his claims here.

Therefore, having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 4) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

***Further, the deadlines set forth in the Court's October 4, 2012 Scheduling Order (Dkt. 10) are hereby ABATED pending the District Judge's consideration of this report and recommendations. Should the matter not be dismissed, the parties are directed to file an amended proposed scheduling order within ten (10) days of the District Judge's disposition of the motion to dismiss.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 18th day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE